UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PIRATE WATER TAXI, LLC, YACHT
STARSHIP DINING CRUISES, LLC,
and DARA HINDMAN,

      Plaintiffs,

v.                                Case No: 8:22-cv-1878-KKM-MRM

TAMPA WATER TAXI COMPANY,
LLC,

      Defendant.

_____

## ORDER

After Pirate Water Taxi, LLC, purchased the rights to use the domain "tampawatertaxi.com," an arbitrator ordered the domain's register of record, GoDaddy, LLC, to transfer the domain to Tampa Water Taxi Company, LLC. In response to the arbitrator's decision, Pirate Water Taxi, Dara Hindman, and Yacht Starship Dining Cruises, LLC, (collectively, Pirate Water Taxi) sued Tampa Water Taxi. Pirate Water Taxi seeks declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, the Lanham Act, 15 U.S.C. § 1051 et seq, and the Anti-Cybersquatting Consumer Protection Act (ACPA), 15 U.S.C. §§ 1114, 1125; injunctive relief under the ACPA, 15

U.S.C. §§ 1114(2)(D)(v), 1125; and statutory damages, attorney's fees, and costs under 15 U.S.C. § 1117 and Rule 54(d).

Tampa Water Taxi moves to dismiss the complaint under Rule 12(b)(6). In the alternative, Tampa Water Taxi moves to strike Pirate Water Taxi's request for statutory damages, attorney's fees, and costs. Tampa Water Taxi's motion to dismiss is **DENIED**. The motion to strike is **GRANTED** with respect to the request for damages and attorney's fees but **DENIED** with respect to the Plaintiffs' request for costs other than attorney's fees.

## I.     BACKGROUND

Tampa Water Taxi and Pirate Water Taxi both operate in Tampa, Florida. *See* Compl. (Doc. 1) ¶¶ 10–11. Tampa Water Taxi provides water taxi services, historical tours, and dolphin tours aboard its vessels. *Id.* ¶ 10. Pirate Water Taxi provides similar water taxi services. *Id.* ¶ 11.

In 2019, Pirate Water Taxi purchased the domain "tampawatertaxi.com," at a public sale by GoDaddy, LLC. *Id.* ¶ 14. Dara Hindman, an officer of Pirate Water Taxi, registered the domain with GoDaddy and listed her contact information with the

registration. *Id.* Hindman also listed the contact information of Yacht Starship Dining Cruises because Yacht Starship is a managing member of Pirate Water Taxi. *Id.* ¶¶ 4, 14.

In June 2022, Tampa Water Taxi initiated an arbitration against Hindman and Yacht Starship under the Uniform Domain Name Dispute Policy, seeking transfer of the domain "tampawatertaxi.com." *Id.* ¶ 2, 22. The arbitrator ordered GoDaddy to transfer the domain to Tampa Water Taxi and found that Tampa Water Taxi owns an active Florida trademark to "tampawatertaxico.com," though the registration for Tampa Water Taxi's domain expired in 2015. *Id.* ¶¶ 24–25. Tampa Water Taxi also "does not own a federal registration of the Alleged Mark from the United States Patent and Trademark Office." *Id.* ¶ 27.

In response to the arbitrator's order, Pirate Water Taxi sues Tampa Water Taxi and requests a declaratory judgment that Pirate Water Taxi's use of the domain does not violate federal trademark law, including the Lanham Act, 15 U.S.C. § 1051 et seq, and the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1114. Compl. ¶¶ 35–41. Pirate Water Taxi also moves for an injunction under the ACPA, 14 U.S.C. § 1114(2)(D)(v), prohibiting GoDaddy from transferring the domain to Tampa Water Taxi. Compl. ¶¶ 42–47. Lastly, Pirate Water Taxi requests statutory damages, attorney's fees, and other costs

3

under Rule 54(d) and 15 U.S.C. § 1117. Compl. ¶¶ 41, 47; Pls.' Resp. to MTD (Doc. 9) at 18–20.

Tampa Water Taxi moves to dismiss the complaint under Rule 12(b)(6). Def.'s Mot. to Dismiss (Doc. 8) at 6–14. Pirate Water Taxi alleges that their use of "tampawatertaxi.com" is lawful because Tampa Water Taxi's mark is "generic" and "descriptive," and thus unprotected under federal law. Compl. ¶¶ 29–33. But Tampa Water Taxi argues that the complaint fails to plausibly allege a claim for relief and states only conclusory factual allegations. Def.'s Mot. to Dismiss at 6–14. In the alternative, Tampa Water Taxi moves to strike the request for statutory damages, attorney's fees, and other costs, arguing that none of these remedies are authorized by statute. *Id.* at 14–20.

## II. LEGAL STANDARD

### A. Motion to Dismiss

A complaint fails "to state a claim upon which relief can be granted" under Rule 12(b)(6) if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The complaint must include more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). Instead, the complaint must contain sufficient facts to state a claim that is "plausible on its face." *Ashcroft*, 556 U.S. at 678 (quoting

4

*Twombly*, 550 U.S. at 570). A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

At the motion to dismiss stage, the complaint's factual allegations—but not the complaint's legal conclusions—are assumed true and construed in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). The Court may not consider evidence outside of "the four corners of the complaint." *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). "A court may consider only the complaint itself and any documents referred to in the complaint which are central to the claims." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009).

## B. Motion to Strike

Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). But "it is well settled among courts in this circuit that motions to strike are generally disfavored and will usually be denied unless it is clear the pleading sought to be stricken is insufficient as a matter of law." *Blanc v. Safetouch, Inc.*, No. 3:07-cv-1200, 2008 WL 4059786, at *1 (M.D. Fla. Aug. 27, 2008) (Morris, Mag. J.) (citing *Fabrica Italiana Lavorazione Materie Organiche S.A.S. v. Kaiser Aluminum & Chem. Corp.*, 684 F.2d 776, 779 (11th Cir. 1982); *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d

1345, 1348 (M.D. Fla. 2002) (Kovachevich, J.); *In re Sunbeam Secs. Litig.*, 89 F. Supp.

2d 1326, 1340 (S.D. Fla. 1999) (Middlebrooks, J.)); *see also Belmer v. Ezpawn Fla., Inc.*,

8:20-cv-1470, 2020 WL 7419663, at *1 (M.D. Fla. Sept. 28, 2020) (Covington, J.) (noting

that a Court has "broad discretion" to rule on a motion to strike but emphasizing that such

motions are "drastic" and are often considered "time wasters" (quotation omitted)).

A pleading is "insufficient as a matter of law" only if (1) it is patently frivolous on

its face or (2) it is clearly invalid as a matter of law. *Belmer*, 2020 WL 7419663, at *1. This

Court "will not exercise its discretion under the rule to strike a pleading unless the matter

sought to be omitted has no possible relationship to the controversy, may confuse the

issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp.

574, 576 (M.D. Fla. 1995) (Kovachevich, J.).

## III.   ANALYSIS

### A. The Plaintiffs state a claim for relief.

The complaint contains two counts: Count I requests a declaratory judgment that

Pirate Water Taxi's use of "tampawatertaxi.com" is lawful and does not infringe on Tampa

Water Taxi's rights under the Lanham Act or under the ACPA. Compl. ¶¶ 35–41. Count

II requests an injunction prohibiting transfer of the domain under 15 U.S.C.

§ 1114(2)(D)(v). Compl. ¶¶ 42–47. Pirate Water Taxi adequately states a claim for relief

in both counts.

## 1. Count I: Declaratory Relief

Pirate Water Taxi alleges that a declaratory judgment is proper because Tampa Water Taxi has no right to its mark, "tampawatertaxico.com." (Doc. 1 ¶¶ 39–41.) Although "registration of a trademark is not a prerequisite" to protection under the Lanham Act, a mark must be "distinctive" to be valid. *Gift of Learning Found., Inc. v. TGC, Inc.*, 329 F.3d 792, 797 (11th Cir. 2003) (per curiam); *Royal Palm Props., LLC v. Pink Palm Props., LLC*, 950 F.3d 776, 783 (11th Cir. 2020). "Generic" marks are never distinct and therefore "never become protectible." *Royal Palm*, 950 F.3d at 783. "A 'generic' mark describes the class to which a good belongs," *Knights Armament Co. v. Optical Sys. Tech., Inc.*, 654 F.3d 1179, 1188 (11th Cir. 2011), such as a bookstore called "Books." *Royal Palm*, 950 F.3d at 783. Descriptive marks—marks identifying "a characteristic or quality of the product," *Knights Armament*, 654 F.3d at 1188—are not inherently distinctive, though descriptive marks may become distinctive if they acquire a secondary meaning. *Royal Palm*, 950 F.3d at 783. For example, the Eleventh Circuit has identified "California Pizza Kitchen" as a descriptive mark that has become distinctive through its secondary meaning as a well-known eatery. *Id.* ("[It] facially [could] describe any random

pizza eatery in the Golden State, but the public has come to associate it with one brand in particular.").

Pirate Water Taxi alleges that Tampa Water Taxi's mark is not protected under the Lanham Act nor under the ACPA because the mark is generic, or alternatively, "highly descriptive." Compl. ¶¶ 29–30. Tampa Water Taxi argues that the complaint fails to state a claim for relief because it conclusively asserts that the mark is "generic." Def.'s Mot. to Dismiss at 6–8. According to Tampa Water Taxi, the complaint "lack[s] . . . any factual assertions," and any citations or attachments discussing "dictionary definitions, industry or competitor usage, media use, or any other relevant and probative facts." *Id.* at 7.

Pirate Water Taxi alleges facts that, if true, plausibly give rise to a claim for relief. The complaint begins by identifying the domain at issue, "tampawatertaxi.com." Compl. ¶ 1. Second, it alleges that Tampa Water Taxi, at one time, owned a Florida trademark for "tampawatertaxico.com," but that the registration expired in July 2015. *Id.* ¶¶ 24–25. Further, Tampa Water Taxi does not currently own any registration for its mark, either from the United States Patent and Trademark Office or from any state. *Id.* ¶¶ 27–28. Fourth, Tampa Water Taxi and Pirate Water Taxi both provide water taxi services in Tampa. *Id.* ¶¶ 10–11. Additionally, the complaint alleges that the phrase "Tampa water taxi" fairly describes the services of water taxi companies in Tampa other than Tampa Water Taxi in particular. *Id.* ¶ 33. Finally, the complaint alleges that the mark is generic,

8

or alternatively, descriptive because the mark is "incapable of distinguishing one seller of a service from another" and is "so highly descriptive that it is incapable of acquiring distinctiveness." *Id.* ¶¶ 29–30.

The complaint's allegations state a claim for relief under existing law. Marks that "suggest the basic nature of a . . . service" or that "that identify the characteristic or quality of a . . . service," are not inherently distinctive. *Gift of Learning*, 329 F.3d at 797–98; *Royal Palm*, 950 F.3d at 783. Further, marks that invoke geographic identifiers, such as "Pennsylvania wheat, Kentucky hemp, Virginia tobacco, or Sea Island cotton," are not inherently distinctive. *Delaware & Hudson Canal Co. v. Clark*, 80 U.S. 311, 324 (1871) (internal quotation marks omitted); *Bavaro Palace, S.A. v. Vacation Tours, Inc.*, 203 F. App'x 252, 255 (11th Cir. 2006); *Great S. Bank v. First S. Bank*, 625 So. 2d 463, 468-69 (Fla. 1993) ("[A] 'geographically descriptive term' is any noun or adjective that designates geographical location and would tend to be regarded by buyers as descriptive of the geographic location of origin of the goods or services."). In the light of governing law and the complaint's factual allegations, Pirate Water Taxi plausibly alleges that "tampawatertaxico.com" is generic, or alternatively, descriptive.

## 2. Count II: Injunctive Relief

Tampa Water Taxi also argues that Count II fails to state a claim for relief because injunctive relief is a remedy, not a cause of action. Def.'s Mot. to Dismiss at 13–14. True,

"any motion or suit for a traditional injunction must be predicated upon a cause of action," and "[t]here is no such thing as a suit for a traditional injunction in the abstract." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004).

But the complaint complies with *Klay* because Count II is premised on a cause of action under 15 U.S.C. § 1114(2)(D)(v), which authorizes Pirate Water Taxi to "file a civil action to establish that the registration or use of the domain name by [Pirate Water Taxi] is not unlawful under this chapter." And, "[t]he court may grant injunctive relief to the domain name registrant, including the reactivation of the domain name or transfer of the domain name to the domain name registrant." *Id.* Thus, Count II states a claim for relief.

## B. Pirate Water Taxi's request for statutory damages and attorney's fees is immaterial and impertinent.

In Count I, Pirate Water Taxi requests a declaratory judgment, and statutory damages and attorney's fees under 15 U.S.C. §§ 1114(2)(D)(iv), 1117(d). Compl. ¶ 41. And in Count II, it requests an injunction and attorney's fees under 15 U.S.C. § 1114(2)(D)(iv)–(v). Compl. ¶ 47. Later, Pirate Water Taxi concedes that they cannot collect attorney's fees under § 1114(2)(D)(iv), but request leave to amend their complaint to seek attorney's fees under 15 U.S.C. § 1117(a). Pls.' Resp. to MTD at 18. Because of

the nature of their claims, Pirate Water Taxi is not eligible for attorney's fees and damages under § 1117(a) or under § 1117(d).

> Section 1117(a) states:
>
> When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, a violation under section 1125(a) or (d) of this title, or a willful violation under section 1125(c) of this title, shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled, subject to the provisions of sections 1111 and 1114 of this title, and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. . . . The court in exceptional cases may award reasonable attorney fees to the prevailing party.

15 U.S.C. § 1117(a). By its own terms, § 1117(a) applies to actions in which "the plaintiff" seeks to establish a "violation of any right of the registrant of a mark registered in the Patent and Trademark Office, a violation under section 1125(a) or (d) . . . , or a willful violation under section 1125(c)." *Id.* Section 1117(a) contemplates that "the plaintiff" is suing to establish the violation because the provision entitles the plaintiff to "defendant's profits," "any damages sustained by the plaintiff," and "the costs of the action" if a violation is "established." *Id.*

But Pirate Water Taxi sues Tampa Water Taxi under 15 U.S.C. § 1114(2)(D)(v), seeking an injunction and a declaratory judgment that the "use of the domain name by [Pirate Water Taxi] is *not* unlawful . . ." *Id.* Section 1117(a) does not apply because Pirate Water Taxi is suing to establish that they are *not* violating Tampa Water Taxi's rights.

11

Although the Eleventh Circuit has not ruled on whether § 1117(a) applies to suits under § 1114(2)(D)(v), other courts concur with this interpretation of § 1117(a). *MailPlanet.com, Inc. v. Lo Monaco Hogar, S.L.*, No. 06-60823-CIV, 2007 WL 9698307, at *6 (S.D. Fla. Dec. 17, 2007) (Dimitrouleas, J.), *aff'd on other grounds*, 291 F. App'x 229 (11th Cir. 2008); *Church Girls, LLC v. Rodgers*, No. 2:18-CV-14232, 2018 WL 5923436, at *4 (S.D. Fla. Nov. 13, 2018) (Rosenberg, J.). Because Pirate Water Taxi concedes that it cannot collect attorney's fees under § 1114(2)(D)(iv), Pls.' Resp. to MTD at 18, and because § 1117(a)—by its plain terms—does not apply to this action, the requests for attorney's fees is stricken as "immaterial [and] impertinent" under Rule 12(f).

Next, Pirate Water Taxi claims the right to statutory damages under § 1117(d). Compl. ¶ 41. Section 1117(d) states:

> In a case involving a violation of section 1125(d)(1) of this title, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits, an award of statutory damages in the amount of not less than $1,000 and not more than $100,000 per domain name, as the court considers just.

15 U.S.C. § 1117(d). Pirate Water Taxi argues that "this is an action 'involving a violation' of 15 U.S.C. § 1125(d)(1) by way of determining that no such violation has occurred." Compl. ¶ 41(d).

Like subsection (a), § 1117(d) does not apply to Pirate Water Taxi's suit for a declaratory judgment and an injunction under § 1114(2)(D)(v). As noted above, § 1117(a)

12

prescribes the damages that a plaintiff should receive if the plaintiff establishes a violation of the plaintiff's trademark under § 1125(d). If the plaintiff establishes a violation under § 1125(d), the plaintiff may recover the "defendant's profits," "any damages sustained by the plaintiff," and "the costs of the action." 15 U.S.C. § 1117(a). Alternatively, "[i]n a case involving a violation of § 1125(d)(1)," the plaintiff may elect to recover statutory damages before final judgment, "instead of actual damages and profits" under § 1117(a). 15 U.S.C. § 1117(d). In other words, § 1117(d) provides an alternative to the relief available under § 1117(a). Therefore, the applicability of § 1117(d) is limited in the same manner that § 1117(a)'s applicability is limited.

Furthermore, under § 1117(d), "before final judgment," the parties may request statutory damages "*instead of* actual damages and profits." *Id.* at § 1117(d) (emphasis added). In this action, Pirate Water Taxi requests an injunction and declaratory relief, not "actual damages and profits." *Id.* § 1117(d). Section 1117(d) only applies when a plaintiff sues for "actual damages and profits" but then elects to recover statutory damages before a final judgment. Because Pirate Water Taxi is suing only for an injunction and declaratory relief, § 1117(d) is not applicable. Because § 1117(d) is impertinent to this action, the request for statutory damages is stricken. FED. R. CIV. P. 12(f).

13

## C. Pirate Water Taxi's request for costs—other than attorney's fees—is proper.

Tampa Water Taxi also moves to strike Pirate Water Taxi's request for costs. Def.'s Mot. to Dismiss at 16. Pirate Water Taxi alleges that it is entitled to "costs and attorneys' fees" under 15 U.S.C. § 1114(2)(D)(iv). (Doc. 1 ¶¶ 41(c), 47(b).) Although Pirate Water Taxi later concedes that § 1114(2)(D)(iv) is not applicable, Pls.' Resp. to MTD at 18, Rule 54(d)(1) states, "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). "Costs are generally awarded to the prevailing party under Federal Rule of Civil Procedure 54(d)(1)." *Johnston v. Borders*, 36 F.4th 1254, 1287 (11th Cir. 2022) (per curiam); *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007) ("Under Rule 54(d), there is a strong presumption that the prevailing party will be awarded costs."). Thus, although the Lanham Act, the ACPA, and the Declaratory Judgment Act do not authorize costs, the request will not be stricken because Tampa Water Taxi has not established that Pirate Water Taxi may not request costs under Rule 54(d)(1).

14

IV.   **CONCLUSION**

Accordingly, the following is **ORDERED:**

1. The motion to dismiss (Doc. 8) is **DENIED**.

2. The motion to strike (Doc. 8) is **GRANTED** as to references to statutory damages and attorney's fees; the motion to strike (Doc. 8) is **DENIED** as to references to costs, other than attorney's fees.

3. No later than **July 28, 2023,** the parties must submit an Amended Case Management Report proposing deadlines for an Amended Case Management and Scheduling Order.

**ORDERED** in Tampa, Florida on July 14, 2023.

Kathryn Kimball Mizelle
United States District Judge

15